José Esprívalo et al., Plaintiffs and Appellees, *v.* Ramón Cerezo Martínez, Defendant and Appellant.

No. 5924. Argued April 26, 1933.—Decided July 28, 1934.

R. *Martínez Nadal* and *F. Navarro Ortiz* for appellant.   *A. García Ducós* for appellees.

Mr. Justice Aldrey delivered the opinion of the Court.

This is an action of debt for $306.80 originally brought in a municipal court.   On appeal the District Court of Aguadilla found for plaintiff, and the defendant appealed therefrom to the Supreme Court.   We reversed the judgment and remanded the case for a new trial because of a procedural error committed by the lower court.   *Esprívalo v. Cerezo,* 41 P.R.R. 739.   Again the district court found for plaintiff and the defendant has taken another appeal assigning as the first error the lower court's decision overruling his demurrer to the complaint for lack of facts sufficient to state a cause of action.   That same error was assigned in the appeal previously decided by us, where we declared that the complaint sufficiently stated a cause of action.   As this question is *res adjudicata,* we will not discuss it any further.

The second and last ground of the appeal, refers to the weighing of the evidence by the lower court.

It appears from the evidence that Martina Cerezo owed $306.80 to Sandalio García Ducós, a debt which was secured by the plaintiffs; that on April 5, 1927, Martina and her brother, the defendant, went to see plaintiff Esprívalo, to whom defendant said that Martina was sailing the next day for New York City, that she had no money to pay her debt with García Ducós and he asked plaintiffs to pay said debt and then she would indorse to them a promissory note she held from José Gregorio Cortés, for $300, as principal and $15 interest, but Esprívalo would not take papers but money; that then they agreed that Martina would indorse the promissory note to the defendant, that the plaintiff in this action

would pay the debt of Martina with García Ducós and that when the defendant would collect the note of José Gregorio Cortés, he would pay the plaintiffs in this action the $306.80 that they were to pay to García Ducós in the name of Martina. That same afternoon Esprívalo made sure that Martina had indorsed the note to the defendant, for which reason the plaintiffs paid the debt of Martina with García Ducós; and later on Esprívalo learned among other things by statements from the defendant himself that the latter collected from José Gregorio Cortés the $300 and condoned the $15 interests, which money he applied to pay another promissory note which Martina had with a bank under defendant's security, the defendant having stated to several persons that he would be a fool if he paid to Esprívalo when he was a surety of his sister at the bank. These facts are corroborated by many witnesses and support the averments in the complaint.

The evidence for the appellant consisted of his testimony whereby he does not deny Esprívalo's assertion but says that after the indorsement of the Cortés note to him by his sister, she told him to pay with said note another promissory note she had at a bank with the security of the defendant, and of Martina's deposition which is to the same effect. The lower court gave no credit to said part of his statement and the examination we made of all the evidence convinces us that the lower court was correct in said conclusion, since the defendant said nothing about such orders from his sister to the several persons with whom he discussed the affair with Esprívalo until this suit began, except the statement afore-mentioned that he would be a fool if he did not pay the promissory note his sister had a bank with his signature.

The lower court did not err in weighing the evidence and in finding against appellant.

The judgment appealed from must be affirmed.